REDMANN, Judge.
Contracts providing for the “lease” of x-ray equipment gave defendants “the privilege of purchasing said leased equipment at any time during the lease . . . with the understanding that [they] shall be given credit against the purchase price of said equipment for the entire sum paid for the rental.” Defendants’ appeal argues that the “purchase price” is $32,093.30, the cash price not mentioned in the contracts but offered in pre-contract negotiations (which, increased by 5% “add-on” interest and divided into 60 monthly payments, is also the basis of the contracts’ $668.61 monthly “rental”). Plaintiff’s answer to the appeal argues only against damages and attorney’s fees awarded for plaintiff’s improper obtaining of conservatory attachment.
We reject defendants’ position that they are entitled to purchase for the once-proposed cash price less “rental” payments. Four years of rental payments (48 x $668.-61) would equal that cash price, yet the contract calls for five years of payments (60 x $668.61). Defendants’ construction of “purchase price” as cash price would nullify the provision for 60 payments and change it to 48. It would also nullify the further provision (specially sought by defendants) giving defendants “the option of purchasing [after paying the full 60 months of payments] for an additional consideration of $1.” And, between the 48th and the 60th payment, the credit against the price would exceed the entire price under defendants’ construction. Because this construction would cause an “absurd consequence,” C.C. 1945(3), and would “render nugatory,” C.C.1951, the provisions relating to payment after the 48th month, it is unacceptable.
We agree in substance with plaintiff’s position, as contained in its offer to complete the sale for the correct “amount of the payoff.” The only price expressly set forth in the contracts is that of the full 60 payments (plus the unnecessary formality of the “additional consideration of $1”). However, the clause entitling defendants to purchase with credit for earlier rentals must also be given “some effect,” C.C.1951, and we believe its obviously intended effect was to provide an escape from the additional cost — the 5% add-on interest — occasioned by the 60-month term for payment of the only clearly-expressed “priqe.”
Plaintiff’s payoff figure does deduct from the 60-month price the unearned interest at the time of election to purchase. The trial court’s award of this figure was correct.
 On the question of the propriety of the attachment, plaintiff’s only evidence was that x-ray equipment could be deliberately damaged with ease. We agree with the trial court’s conclusion that this evidence did not justify the attachment. The amount of damages seems within the trial judge’s discretion, considering the loss of a day’s x-ray production and the general damages arising from the attachment.
Affirmed.